No. 12-17738

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

NML CAPITAL, LTD.,

*Plaintiff-Appellee,*

v.

THE REPUBLIC OF ARGENTINA,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of California

No. 3:12-mc-80185-JSW
Hon. Jeffrey S. White, District Judge

**REPLY IN FURTHER SUPPORT OF THE MOTION OF
APPELLEE NML CAPITAL, LTD. FOR SUMMARY AFFIRMANCE**

| | |
|---|---|
| DECHERT LLP | DECHERT LLP |
| Joshua D. N. Hess | Steven A. Engel |
| One Bush Street, Suite 1600 | Dennis H. Hranitzky |
| San Francisco, CA 94104 | 1095 Avenue of the Americas |
| Telephone: (415) 262-4500 | New York, New York 10036 |
| | Telephone: (212) 641-3300 |
| | *Attorneys for Plaintiff-Appellee NML Capital, Ltd.* |

Appellee NML Capital, Ltd. ("NML") hereby respectfully submits this reply in further support of its motion for summary affirmance pursuant to FRAP 27 and Circuit Rule 27-1.

1. Tellingly, the Republic of Argentina does not *oppose* summary affirmance. Argentina cannot deny that this appeal was effectively resolved by the Supreme Court's decision in *Republic of Argentina v. NML Capital, Ltd.*, No. 12-842, 2014 WL 2675854 (U.S. June 16, 2014). Rather than file an opposition, Argentina files a "response" to what it claims to be NML's overbroad reading of the Supreme Court's decision in the motion for summary affirmance.

2. Argentina gets nowhere in challenging NML's reading of the *NML* decision. NML did little more than quote what the Supreme Court actually said. While it is certainly not surprising that Argentina, the losing party at the Supreme Court, would like to read *NML* narrowly, it is also irrelevant to this motion. No matter what questions Argentina believes the Supreme Court left open for future cases, the fact remains that the Supreme Court has decided *this* appeal.

3. As NML explained in its motion, Argentina's interlocutory appeal presents two questions, both of which turn upon whether the Foreign Sovereign Immunities Act ("FSIA") provides an immunity that would limit a court's power to enforce post-judgment discovery involving a sovereign judgment debtor's assets. *See* First Br. of Defendant-Appellant the Republic of Argentina ("Argentina Br.")

at 4 [D.E. 4-1].  In its Response [D.E. 19-1], Argentina concedes, as it must, that the Supreme Court has resolved the FSIA question by confirming that no such FSIA immunity exists.  Response at 1.  For this reason, Argentina does not ***oppose*** summary affirmance, and the Court thus should grant the motion.

      4.      Despite these concessions, Argentina avoids stating its ultimate position on the motion for summary affirmance and instead uses its Response to stress that "sources of law other than the FSIA . . . limit discovery requests like those at issue here" and that "[d]isposition of this appeal must accordingly allow the district court to" apply the rules that might limit the requests.  *Id.* at 3.

      5.      No doubt other sources of law, such as Federal Rules of Civil Procedure 26 and 69, apply to third-party subpoenas involving sovereign debtor assets.  Yet those rules are not at issue on this interlocutory appeal, and this Court does not issue advisory opinions on matters not decided below.  Argentina premised this interlocutory appeal upon the denial of its purported immunity under the FSIA.  The district court correctly held that there is no such immunity, and thus, the order below should be affirmed.

      6.      As Argentina admits in its Response, apart from the FSIA, the parties below have continued to dispute the scope of the third-party subpoenas.  And in fact, the magistrate judge, pursuant to Rule 69, limited certain aspects of NML's requested discovery.  The parties have briefed NML's objections to the magistrate

judge's order to the District Court, and the matter is still pending. *Id.* at 2 & n.1. If the District Court eventually enters an order applying, in its discretion, Rules 26 and 69 to the subpoena, and if there is a proper jurisdictional basis for an appeal, only then would it be time for this Court to hear such an appeal. The present appeal, however, concerns only whether the FSIA limits post-judgment discovery, not these other questions, which have not yet been decided by the District Court.

7.   Finally, although irrelevant to deciding this motion, Argentina asserts in its Response (notably, without citation) that "[u]nder the FSIA, foreign-state property is presumptively immune from attachment and execution, and is thus presumptively irrelevant to post-judgment proceedings and not 'in aid' of execution." Response at 2. Yet the Supreme Court effectively considered and rejected this argument in *NML*. There, Argentina contended that if sovereign property is immune from execution under the FSIA, then discovery concerning such property should be foreclosed. *Id.* at 9. As stated by the Court:

> Argentina maintains that, if a judgment creditor could not ultimately execute a judgment against certain property, then it has no business pursuing discovery of information pertaining to that property. But the reason for these subpoenas is that NML ***does not yet know*** what property Argentina has and where it is, let alone whether it is executable under the relevant jurisdiction's law.

*Id.* at 9-10 (emphasis retained). After noting that the subpoenas at issue in *NML* sought "information about Argentina's worldwide assets generally" and that the subpoenas would be "bound to turn up information about property that Argentina

4

regards as immune," the Court explained that "NML may think the same property is *not* immune[,] [i]n which case … the District Court will have to settle the matter." *Id.* at 10 (emphasis retained).  The Supreme Court thus made clear that any potential immunity of Argentina's property would not operate to limit discovery in the first instance, but instead would present questions to be decided if and when NML sought to attach such property.  In any event, the District Court has not weighed in on any such questions, and thus, they are not properly part of Argentina's appeal here.

## CONCLUSION

Argentina does not oppose NML's motion and admits that the central issue on appeal has been decided against it by the Supreme Court.  Accordingly, in the interest of conserving the resources of the Court and the parties, NML respectfully requests that the Court summarily affirm the order below.

Respectfully submitted,

Dated:  July 16, 2014        DECHERT  LLP

By:   /s/   Joshua D. N. Hess
    Steven A. Engel
    Dennis H. Hranitzky
    Joshua D. N. Hess

    Attorneys for Plaintiff-Appellee
    **NML CAPITAL, LTD.**